## IN THE SUPERIOR COURT OF GUAM

LUCIA M. KLOULUBAK, in her capacity as  )
Administratix of the ESTATE OF HARVEY  )
KLOULUBAK,  )
                      )
          Plaintiff,  )
                      )
    vs.  )
                      )
BESTY MILLER,  )
                      )
          Defendant.  )
                      )

**CIVIL CASE NO. CV0957-12**

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff's complaint against Defendant for trespass, claim for quiet title, and injunctive relief, filed on August 17, 2012. A bench trial was held on March 31, 2014. Attorney Shane F.T. Black appeared on behalf of Plaintiff and Attorney F. Randall Cunliffe represented Defendant. Having considered the parties' evidence, oral arguments, and the applicable law, the Court now issues the following findings of fact and conclusions of law pursuant to Guam R. Civ. P. 52 (a).

### BACKGROUND

On August 17, 2012, Plaintiff filed a complaint against the Defendant with the following causes of action against Defendant: (1) trespass, (2) claim for quiet title, and (3) injunctive relief. (Complaint, 3-5, Aug. 17, 2012).

On September 5, 2012, Defendant filed an Answer and Counterclaim against Plaintiff for (1) constructive trust on the house and property, and (2) *quantum meruit* relief for the reasonable value of the expenses and services Defendant rendered to Harvey minus the value of the support she received from Harvey. (Answer and Counterclaim, 5-6, Sept. 5, 2012).

On September 27, 2013, Plaintiff filed a motion for summary judgment relating to the original complaint and the counterclaim, arguing that: (1) Defendant asserts no disputed facts which can form a valid basis for a claim of interest in the estate property as a matter of law;

and (2) Defendant's defenses and counterclaims for constructive trust and *quantum meruit* fail because there are no disputed facts that support a finding of inequitable benefit or unjust enrichment by the decedent or his estate. (Mot. Summ. J., 6-10, Sept. 27, 2013). On October 25, 2013, Defendant filed an opposition to Plaintiff's motion for summary judgment, asserting that the Loan Agreement evidences Defendant's joint ownership in the property and that Defendant is entitled to summary judgment or a trial. (Opp., 2-3, Oct. 25, 2013).

On January 24, 2014, this Court issued a Decision and Order granting in part Plaintiff's motion for summary judgment and denying it in part. Summary judgment on Plaintiff's claim for quiet title and Defendant's counterclaim for constructive trust was granted in favor of Plaintiff. Additionally, partial summary judgment on Plaintiff's claim for trespass was granted in favor of Plaintiff. Finally, summary judgment on Plaintiff's claim for injunctive relief and Defendant's counterclaim for *quantum meruit* was denied.

On March 31, 2014, a bench trial was held on Plaintiff's remaining claims of damages for trespass, an injunction, and Defendant's remaining counterclaim for *quantum meruit.*

### FINDINGS OF FACT

In a bench trial, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts." *United States v. Bales*, 813 F.2d 1289, 1293 (4th Cir. 1987). By a preponderance of the evidence, the Court makes the following findings of fact:

1. Harvey Kloulubak (hereinafter "Harvey"), decedent, became owner of lot number 2265-REM-6-10 Barrigada, Guam (hereinafter "the Lot") by virtue of warranty deed recorded with the Department of Land Management on June 29, 1990. Harvey and Defendant lived together in the house on the Lot until Harvey's death on October 27, 2011.

2. On February 24, 2003, Harvey and Defendant obtained a loan from the Small Business Administration (hereinafter "SBA") which was secured by a mortgage against the Lot.

3. On May 25, 2012, Plaintiff served Defendant with a Notice to Quit, allowing Defendant 30 days to deliver possession of the Lot to Plaintiff.

4. Defendant occupies and remains in the house on the Lot.

5. Harvey made mortgage payments on the Lot until his death. Defendant testified that she financially assisted Harvey in making these payments.

6. Since Harvey's death, Defendant testified that she is paying the monthly mortgage in the amount of $600.00 per month to SBA.

7. Defendant testified that she provided $25,000.00 towards the down payment of the house, $30,000.00 for upkeep and renovation of the house; monthly mortgage payments of $600.00 per month to SBA since October 2011, and $400.00 toward the 2012 property tax.

8. Defendant testified that she renovated the house by painting the house, fixing the roof, adding an extension to the house, and remodeling the kitchen cabinets. She further testified that she made the renovations because she believed she owned the house.

9. Defendant testified that she purchased medications for Harvey, assisted him with his medical treatment, and provided and cared for him during his illness and last days.

10. Catholic Social Services and Harvey's family members provided assistance to Harvey through his various ailments.

11. Elizabeth Duenas, certified as an expert in property valuation, testified that the rental value of the Lot is $1,500.00 per month.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 7 GCA § 3105.

**I.    Permanent Injunction**

Before a court may grant a permanent injunction, the Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837 (2006) (citations omitted).

In this case, the Court finds that the four factor test has been met. First, the administration of the estate is at a standstill because Defendant remains on the land whereas

decedent's estate possesses legal title to the Lot. The Court finds that Defendant's frustration of the administration of the estate qualifies as a special circumstance where Plaintiff, in her capacity as administratix of decedent's estate, has been made to endure a type of irreparable injury. This is especially so because other assets of the estate are insufficient to satisfy claims against the estate, and the Lot is required for the administration of the estate. *See Sananap v. Cyfred, Ltd.*, 2009 Guam 13 ¶ 41.[1] Second, any remedies available at law, such as monetary damages, are inadequate to compensate for the inability to administer the estate. *eBay Inc.*, 547 U.S. at 391. Third, Plaintiff suffers hardship by Defendant's prevention of her attempts to satisfy claims against the estate, which is why Plaintiff specifically requires an injunction. On the other hand, Defendant seeks money damages by way of *quantum meruit* and does not seek to remain on the Lot. Because Defendant may be satisfied by monetary damages as a vehicle for potential relief, and because Plaintiff has legal authority over the title to the lot owned by decedent's estate, the Court finds that the balance of hardship weighs in favor of Plaintiff. *Id.* Finally, the public interest would not be disserved by a permanent injunction because the public has a notable interest in the swift administration of estates. *Id.* For these reasons, a permanent injunction shall be granted in favor of Plaintiff.

## II.     Damages for Trespass

Under Guam law, "[a] party claiming trespass must prove the following elements: a) the tortfeasor intentionally; b) enters land in possession of another, or causes a thing or a third person to do so; or c) remains on the land; or d) fails to remove from the land a thing which he is under a duty to remove." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16 (*citing* RESTATEMENT (SECOND) OF TORTS § 158 (1988)). Once a party shows that there has been trespass, the injured party is entitled to nominal damages based upon the trespass. RESTATEMENT (SECOND) OF TORTS § 163 (1988)). If a party seeks compensatory damages, the party must show that trespass was the proximate cause of the damages sought. *Hammond v.*

---

[1] "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546, n. 12 (1987).

*Cnty. of Madera*, 859 F.2d 797, 804-05 (9th Cir. 1988) (*abrogated by L.W. v. Grubbs*, 92 F.3d 894, 897-98 (9th Cir. 1996) *on alternative grounds*). "Reasonable rental value is the appropriate remedy for trespass." *Id.* at 804.

On January 24, 2014, the Court granted partial summary judgment in favor of Plaintiff on her claim of trespass. (Dec. & Order, 6, Jan. 24, 2014). The remaining issue of damages resulting from the trespass was put before the Court at trial.

During trial, Plaintiff's expert witness testified that the rental value of the Lot is $1500.00 per month. Since Defendant was placed on notice that she was residing on property she did not have title to on May 25, 2012, and she was afforded 30 days to leave the property, the Court finds that Defendant has been in trespass of the Lot from July 2012 to April 2014, a span of 22 months. Accordingly, the total amount of damages resulting from Defendant's trespass is $33,000.00, which represents the $1500.00 monthly rental value of the property multiplied by 22 months. *Hammond*, 859 F.2d at 804-05.

## III. Quantum Meruit

*Quantum meruit* theory of recovery is based on obligations imposed by law on grounds of justice and equity to prevent unjust enrichment. *See Tanaguchi-Ruth & Associates v. MDI Guam Corp.*, 2005 Guam 7 ¶¶ 24-26. Where a quasi-contract claimant seeks recovery for services rendered, the Supreme Court of Guam articulated the elements of this claim as follows:

> The essence of *quantum meruit* liability is the receipt of a benefit by one party which would be inequitable for that party to retain. The elements of *quantum meruit* liability distilled from this essence are the performance of services by the plaintiff, the receipt of the benefit of those services by the defendant, and the unjustness of the defendant's retention of that benefit without compensating the plaintiff.

*Id.* at ¶ 27 (citations omitted).

In this case, Defendant seeks *quantum meruit* relief for the following expenditures: (1) $25,000.00 in down payment for the purchase of the house on the Lot; (2) $30,000.00 in improvements to the Lot; (3) monthly mortgage payments of $600.00 since October 2011; (4) $400.00 in 2012 real property tax payments for the lot; and (5) $5,000.00 for medical treatment

expenses and services provided to Harvey. (Defendant's Proposed Finds. Fact & Conc. L., 4, Apr. 10, 2014).

The Court finds that Defendant is not entitled to *quantum meruit* relief for the mortgage payment, real property tax payment, and expenses related to Harvey's medical condition. *Tanaguchi-Ruth*, 2005 Guam 7 ¶ 27. With respect to the monthly mortgage payments and real property tax payments, Harvey was making those payments from 1990 until his death on October 27, 2011. It is not inequitable for Defendant to make the payments after Harvey's death in October 2011 when she was living at the house without rent for over 20 years, and in order for her to continue living there during that period of time. Furthermore, the Court finds that the medical treatment expenses and services that Defendant provided for Harvey are a result of the reciprocal relationship between them that lasted over 20 years.

As to the down payment and the improvements to the Lot, the Court finds that these are payments she made that maintained the value of the Lot, and may have even enhanced its value. *Id.* Defendant made the payments because she believed the house belonged to her. *Id.* Plaintiff did not oppose these expenditures on the part of Defendant. Because this Court found in an earlier proceeding that decedent Harvey Kloulubak solely held title to the Lot, the decedent's estate would be unjustly enriched by Defendant's expenditures relating to the Lot. *Id.* Therefore, the Court holds that the decedent's estate must reimburse Defendant in the amount of $55,000.00, which represents the sum of $25,000.00 for the down payment and $30,000.00 for the improvements to the house.

## CONCLUSION AND ORDER

In accordance with the findings of fact and conclusions of law set forth above, the Court orders as follows:

1. Defendant must vacate the Lot and return possession of the property in its current condition to Plaintiff within 30 days from the issuance of this order.

2. Plaintiff, in her capacity as administratrix of the estate of Harvey Kloulubak, is hereby awarded judgment against Defendant in the amount of $33,000.00 as damages for

Defendant's trespass, plus interest thereon at a rate of 6% per annum from the date of the Judgment until paid in full.

3. Defendant is hereby awarded judgment against the estate of Harvey Kloulubak in the amount of $55,000.00 as *quantum meruit* relief, plus interest thereon at a rate of 6% per annum from the date of the Judgment until paid in full.

4. Neither party is the prevailing party based on the damages sought for the claims made. Thus, each party will bear its own attorney's fees and costs.

This matter is set for further proceedings on April 23, 2014 at 9:00 a.m.

**SO ORDERED this _16TH_ day of April, 2014.**


_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: Shane Black
R. Cunliffe
Date: 4-16 Time: _____
OIA
Deputy Clerk, Superior Court of Guam